IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2006 FEB 28 AM 10: 24
CLERK _L. Felder_
SO. DIST. OF GA.

| | | |
|---|---|---|
| JONATHAN VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-015 |
| | ) | |
| DEPARTMENT OF JUVENILE JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

*Pro se* Plaintiff filed the captioned matter and seeks leave to proceed *in forma pauperis*. Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous, malicious, or that fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915(e)(2)(B)(i) & (ii).

Here, Plaintiff's complaint is problematic for its terseness. As Defendant, Plaintiff names only the "Department of Juvenile Justice." (Doc. no. 1, p. 5). As a factual basis for his complaint, Plaintiff provides only the following:

> I was threatened by a judge. I was assaulted in Athens RYDC. I was told I needed Anger Management and never received it. They lied and said I paid probation [sic] someone came to investigate the assault in RYDC and never informed my parents.

(Id. at 4). As relief, Plaintiff requests $250,000.00 in damages. (Id. at 5). With only these scant allegations, it is difficult to discern Plaintiff's claims.

Ordinarily, the Court would consider ordering Plaintiff to amend his complaint to flesh out his claims and thus give the Court a better picture of his allegations. However, the Court

is persuaded that in this instance amendment would be futile. See Hall v. United Insurance Co. of America, 367 F.3d 1255, 1262-63 (11th Cir. 2004)(explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile). Plaintiff's allegations provide no basis from which to presume the existence of viable claims against Defendant.

First of all, to the extent Plaintiff attempts to obtain monetary relief from an unnamed judge (presumably a state juvenile court judge) his claims must fail. State court judges enjoy absolute immunity for their judicial acts. See Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). This is so even if the judge acts maliciously or in excess of his authority. See, e.g., Schepp v. Fremont County, 900 F.2d 1448, 1451 (10th Cir. 1990).

Furthermore, Plaintiff's allegation that he was assaulted, apparently during a stay at a Regional Youth Detention Center, see, e.g., O.C.G.A. § 15-11-66, presents no occasion for relief against the only named Defendant. Plaintiff has named only the Department of Juvenile Justice as Defendant. Defendant is an agency of the State of Georgia. See O.C.G.A. § 49-4A-1, *et seq*. As a result, Defendant is immune from suit for monetary damages. See, e.g., Alabama v. Pugh, 438 U.S. 781, 782 (1978) (*per curiam*).

In sum, Plaintiff's complaint fails to state a claim upon which relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, and that Plaintiff's motion to proceed *in forma pauperis* (doc. no. 2) be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 28th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE